UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION | MDL No. 15-2666 (JNE/FLN) |
| | ORDER |

This Document Relates To:
Case Nos.:  17-cv-998 (*Gruetzmacher v. 3M Co.*)
17-cv-1017 (*Garcia v. 3M Co.*)
17-cv-1139 (*Husman v. 3M Co.*)
17-cv-1215 (*Pickens v. 3M Co.*)
17-cv-1250 (*Sparks v. 3M Co.*)
17-cv-1323 (*Peters v. 3M Co.*)
17-cv-1407 (*Jadwin v. 3M Co.*)
17-cv-2099 (*Osborne v. 3M Co.*)
17-cv-2231 (*Nunn v. 3M Co.*)
17-cv-2319 (*Taylor v. 3M Co.*)
17-cv-2383 (*Blancett v. 3M Co.*)
17-cv-2415 (*Pickett v. 3M Co.*)
17-cv-2452 (*Suchan v. 3M Co.*)
17-cv-2589 (*Rashad v. 3M Co.*)
17-cv-2726 (*McCall v. 3M Co.*)
17-cv-3103 (*Ghidella v. 3M Co.*)
17-cv-3187 (*Gawthorp v. 3M Co.*)
17-cv-3233 (*McLaughlin v. 3M Co.*)
17-cv-3819 (*Mazer v. 3M Co.*)
17-cv-3823 (*Miller v. 3M Co.*)
17-cv-3895 (*Loving v. 3M Co.*)
17-cv-3948 (*Gilliam v. 3M Co.*)
17-cv-3954 (*Rietz v. 3M Co.*)
17-cv-3956 (*Reeves v. 3M Co.*)
17-cv-4094 (*O'Connell v. 3M Co.*)
17-cv-4177 (*Butler v. 3M Co.*)

---

Defendants 3M Company and Arizant Healthcare, Inc., move to dismiss the twenty-six above-captioned member cases in the *Bair Hugger* MDL for Plaintiffs' failure to comply with Pretrial Order No. 14 (PTO 14, Dkt. No. 117), which orders service and completion of Plaintiff Fact Sheets in lieu of interrogatories.  Mot., 15-md-2666 Dkt. No.

1068. Because PTO 14 causes express warnings of dismissal and gives plaintiffs opportunities to cure noncompliance, the Court may dismiss a case with prejudice if its plaintiff has failed to comply with PTO 14 despite those warnings and opportunities. Dismissal Order 1-3 (Dec. 21, 2017), 15-md-2666 Dkt. No. 1028; *see* Fed. R. Civ. P. 41(b) (allowing dismissal for failure to comply with court order). The Court may also dismiss a case for plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b). Defendants here have made an initial showing that the above-captioned Plaintiffs should be dismissed for failing to comply with PTO 14. 15-md-2666 Dkt. No. 1070. So, to resist dismissal, these Plaintiffs must oppose the Motion. *See* PTO 14 ¶ 8.

**I. The Motion is granted as to the sixteen Plaintiffs who have not responded to it.**
   Plaintiffs Maria Garcia (17-cv-1017), Dawn Gawthorp (17-cv-3187), Michael Ghidella (17-cv-3103), Lisette & Melvin, Sr., Gilliam (17-cv-3948), Laura Gruetzmacher (17-cv-998), Raymond Husman (17-cv-1139), Patti & Todd Jadwin (17-cv-1407), Dorothy Loving (17-cv-3895), Stormy McCall (17-cv-2726), Kenneth Nunn (17-cv-2231), Karen L. O'Connell (17-cv-4094), Christopher Peters (17-cv-1323), Michael Pickens (17-cv-1215), William O Reeves (17-cv-3956), Mary & Paul, III, Rietz (17-cv-3954), and Mildred Sparks (17-cv-1250) do not respond to and so do not oppose the Motion. The Court thus **GRANTS** the Motion as to these sixteen Plaintiffs and **DISMISSES** their cases <u>with prejudice</u> for failing to comply with PTO 14 and failing to prosecute.

**II. The Motion is granted as to the seven Plaintiffs who have stopped communicating with counsel and have not disputed the Motion's merits.**
   For Plaintiffs Constance Blancett (17-cv-2383), Marc Mazer (17-cv-3819), Robert

McLaughlin (17-cv-3233), Carol Miller (17-cv-3823), Vanessa Osborne (17-cv-2099), Paul Pickett (17-cv-2415) and Kevin Rashad (17-cv-2589), counsel responds to the Motion but does not dispute that these seven Plaintiffs have failed to comply with PTO 14. To oppose the Motion, Plaintiffs must dispute its merits. *See* Dismissal Order 2 (July 24, 2017) (deeming counsel's log of "unsuccessful attempts to enlist [plaintiff's] cooperation" non-opposition), 15-md-2666 Dkt. No. 622. Plaintiffs' counsel instead explains that Plaintiffs have stopped communicating with counsel:

| **Plaintiff** | **Case No.** | **Last Contact** | **Citation in 15-md-2666** |
|---|---|---|---|
| Blancett | 17-cv-2383 | July 2015 | Dkt. No. 1080 ¶¶ 1, 5 |
| Mazer | 17-cv-3819 | Nov. 2017 | Dkt. No. 1074 ¶¶ 6, 11 |
| McLaughlin | 17-cv-3233 | Dec. 2017 | Dkt. No. 1088 ¶¶ 7-8 |
| Miller | 17-cv-3823 | Sept. 2017 | Dkt. No. 1077, at 2 |
| Osborne | 17-cv-2099 | July 2015 | Dkt. No. 1082 ¶¶ 1,5 |
| Pickett | 17-cv-2415 | July 2015 | Dkt. No. 1084 ¶¶ 1,5 |
| Rashad | 17-cv-2589 | July 2015 | Dkt. No. 1086 ¶¶ 1,5 |

This explanation does not go to the Motion's merits.

For McLaughlin in particular, counsel also asserts, without documentation, that McLaughlin reported "experiencing some ongoing medical issues" in December. McLaughlin's Resp. ¶ 7, Dkt. No. 1088. Counsel also notes that "McLaughlin has not made an attempt to contact [counsel] since" that report. *Id.* Counsel's request for a sixty-day extension is denied because McLaughlin has not substantiated his report and continues to not communicate with counsel.

The Court thus **GRANTS** the Motion as to these seven Plaintiffs and **DISMISSES** their cases <u>with prejudice</u> for failing to comply with PTO 14 and failing to prosecute.

**III. As to the three Plaintiffs who died before counsel filed Complaints for them, the Court dismisses their cases without prejudice for lack of subject-matter jurisdiction.**

For Plaintiffs James A. Butler (17-cv-4177), John Suchan (17-cv-2452) and Mary Taylor (17-cv-2319), counsel David W. Hodges of Kennedy Hodges, LLP (Houston, Texas) responds that these three Plaintiffs have died. *E.g.*, Taylor's Resp. ¶ 6, 15-md-2666 Dkt. No. 1094. Hodges needs more time "to obtain the necessary information and authority" from Plaintiffs' successor before serving a Plaintiff Fact Sheet. *E.g.*, *id.* ¶ 10.

The Court must dismiss these three Plaintiffs' cases for lack of subject-matter jurisdiction. Although Defendants have not challenged subject-matter jurisdiction here, if "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A dead person cannot invoke federal jurisdiction as a plaintiff. As for these three Plaintiffs, all were dead when Hodges filed a Complaint for them:

| Plaintiff | Case No. | Died | Complaint |
|---|---|---|---|
| Butler | 17-cv-4177 | Feb. 2016 | Sept. 2017 |
| Suchan | 17-cv-2452 | Aug. 2016 | July 2017 |
| Taylor | 17-cv-2319 | Apr. 2017 | June 2017 |

The Court thus does not have subject-matter jurisdiction over these three cases. When "a case originally filed in federal court does not belong there" because of a lack of subject-matter jurisdiction, "generally the appropriate remedy is to dismiss without prejudice." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). And so, the Court **DISMISSES** these three Plaintiffs' cases <u>without prejudice</u>. As to these three Plaintiffs, Defendants' Motion is **DENIED** as moot.

4

Based on the files, records, and proceedings herein, IT IS SO ORDERED THAT:

1. Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 1068] is GRANTED IN PART and DENIED IN PART as below.

2. The following cases are DISMISSED WITH PREJUDICE because the Motion is GRANTED as to them: 17-cv-998 (*Gruetzmacher v. 3M Co.*), 17-cv-1017 (*Garcia v. 3M Co.*), 17-cv-1139 (*Husman v. 3M Co.*), 17-cv-1215 (*Pickens v. 3M Co.*), 17-cv-1250 (*Sparks v. 3M Co.*), 17-cv-1323 (*Peters v. 3M Co.*), 17-cv-1407 (*Jadwin v. 3M Co.*), 17-cv-2099 (*Osborne v. 3M Co.*), 17-cv-2231 (*Nunn v. 3M Co.*), 17-cv-2383 (*Blancett v. 3M Co.*), 17-cv-2415 (*Pickett v. 3M Co.*), 17-cv-2589 (*Rashad v. 3M Co.*), 17-cv-2726 (*McCall v. 3M Co.*), 17-cv-3103 (*Ghidella v. 3M Co.*), 17-cv-3187 (*Gawthorp v. 3M Co.*), 17-cv-3233 (*McLaughlin v. 3M Co.*), 17-cv-3819 (*Mazer v. 3M Co.*), 17-cv-3823 (*Miller v. 3M Co.*), 17-cv-3895 (*Loving v. 3M Co.*), 17-cv-3948 (*Gilliam v. 3M Co.*), 17-cv-3954 (*Rietz v. 3M Co.*), 17-cv-3956 (*Reeves v. 3M Co.*) and 17-cv-4094 (*O'Connell v. 3M Co.*).

3. For lack of subject-matter jurisdiction, the following cases are DISMISSED WITHOUT PREJUDICE: 17-cv-2319 (*Taylor v. 3M Co.*), 17-cv-2452 (*Suchan v. 3M Co.*) and 17-cv-4177 (*Butler v. 3M Co.*). The Motion is DENIED as moot as to these cases.

Dated: February 15, 2018                   s/ Joan N. Ericksen
                                           JOAN N. ERICKSEN
                                           United States District Judge

5